**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4582**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DALLAS LABRAN DAVIS, a/k/a Dallas Labron Davis,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:18-cr-00006-NCT-1)

Submitted:  March 15, 2019                          Decided:  April 3, 2019

Before KEENAN, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, Federal Public Defender, John A. Duberstein, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant. Terry Michael Meinecke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Dallas Labran Davis appeals his 84-month sentence imposed following a guilty plea to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) (2012). On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the district court's upward variance sentence is reasonable. Davis was advised of his right to file a pro se supplemental brief but has not done so. We affirm.

This court "review[s] a sentence for reasonableness 'under a deferential abuse-of-discretion standard.'" *United States v. McCoy*, 804 F.3d 349, 351 (4th Cir. 2015) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). This review encompasses the sentence's procedural and substantive reasonableness. *Gall*, 552 U.S. at 51. In determining procedural reasonableness, we must consider whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory rather than mandatory, gave the parties an opportunity to argue for an appropriate sentence, considered the § 3553(a) factors, selected a sentence not based on clearly erroneous facts, and sufficiently explained the chosen sentence. *Id.* at 49-51. If no significant procedural errors exist, we next consider whether the sentence imposed is substantively reasonable under "the totality of the circumstances, including the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51.

When a district court imposes a sentence outside of the Guidelines range, this court "must consider the extent of the deviation and ensure that the justification is

2

sufficiently compelling to support the degree of variance." *United States v. Zuk*, 874 F.3d 398, 409 (4th Cir. 2017) (internal quotation marks omitted). But the district court need not find "extraordinary circumstances" to justify a deviation from the Guidelines range. *Gall*, 552 U.S. at 47.

Upon review, we find that Davis' sentence is both procedurally and substantively reasonable. The district court properly calculated the applicable Sentencing Guidelines range and appropriately explained the selected above-Guidelines sentence in the context of the relevant § 3553(a) factors. Further, the court offered ample reasons for granting the government's request for an upward variance, noting that Davis possessed the firearm in a convenience store, jeopardized the community during a high-speed chase with law enforcement and behaved in a belligerent manner after his arrest.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Davis, in writing, of the right to petition the Supreme Court of the United States for further review. If Davis requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Davis. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

3